# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-2323

_____

CHARLES L. SPANN, father,

Appellant,

v.

SHELLI D. PAYNE, mother In Re:
A.J.S., a minor child,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

September 21, 2022

PER CURIAM.

AFFIRMED.

RAY and NORDBY, JJ., concur; LONG, J., concurs with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

LONG, J., concurring.

I concur in affirming the trial court's custody-modification order. I write to express my view that, contrary to one of Appellant's arguments on appeal, the trial court did award sufficient make-up timesharing even though it was not explicit in its order.

Section 61.13(4)(c), Florida Statutes (2021), states:

[w]hen a parent refuses to honor the time-sharing schedule in the parenting plan without proper cause, the court:

1. Shall, after calculating the amount of time-sharing improperly denied, award the parent denied time a sufficient amount of extra time-sharing to compensate for the time-sharing missed, and such time-sharing shall be ordered as expeditiously as possible in a manner consistent with the best interests of the child and scheduled in a manner that is convenient for the parent deprived of time-sharing. In ordering any makeup time-sharing, the court shall schedule such time-sharing in a manner that is consistent with the best interests of the child or children and that is convenient for the nonoffending parent and at the expense of the noncompliant parent.

The trial court cited Appellee's "persistent refusal to honor [Appellant's] timesharing" as the basis for modifying the parties' timesharing schedule. § 61.13(4)(c)(6), Fla. Stat. (stating the trial court "[m]ay, upon the request of the parent who did not violate the time-sharing schedule, modify the parenting plan if modification is in the best interests of the child"). But it also found "it would not be in the Child's best interest for [Appellee] to have no timesharing."

It is clear from the text and context of the trial court's order that when it awarded Appellant the majority of overnights each year, make-up timesharing was a part of that award. Section 61.13(4)(c)(1) does not demand that every day missed be awarded in make-up—it demands "a sufficient amount of extra time-

2

sharing" be awarded "in a manner consistent with the best interests of the child." § 61.13(4)(c)(1), Fla. Stat.  The trial court's custody order complied with this mandate.

_____

Charles L. Spann, pro se, Appellant.

No appearance for Appellee.